McKean, Chief Justice.
 

 There are two ways of proving a witness to be interested in a cause — first, by examining him on his
 
 voir dire ;
 
 or, secondly, by showing his interest from other evidence, either parol or written. But both these ways cannot be pursued at the same time ; for the election of the one conclusively bars any subsequent recourse to the other,
 
 (a)
 
 The defendant’s cross-examination under the rule in this case, is not, however, upon the same footing with an examination upon the
 
 voir dire;
 
 and therefore, we do not think that he is now precluded from the advantage of any legal exception to the competency of the witness.
 

 *With respect to the admission of testimony, the law has been -so well established, and is so perfectly understood, that it needless to enter minutely into the doctrine. The whole, indeed, may be reduced to a short rule ; if the witness speaks under an
 
 interest,
 
 it is fatal to his competency ; if he is liable to an
 
 influence,
 
 it taints his credibility. On the present occasion, we are of opinion, that Captain McCullough, at the time of taking the deposition, was not an interested witness ; and therefore, if there was no other objection, we should certainly allow the plaintiffs the benefit of his testimony : for, in the authority cited from Atk. 15, Lord Hardwicke can only mean, that a witness, who has been once interested, shall be presumed to be so still, unless the contrary is proved by a release, or other satisfactory evidence.
 

 The plaintiffs, however, have failed in another respect. A
 
 subpoena
 
 ought certainly to have been taken out, and, if possible, served upon the witness
 
 ;
 
 for, it was his, and not their province, to determine whether he would attend or not. The rule never was meant, indeed, to direct an useless thing — such as issuing a
 
 subpoena
 
 for a witness actually residing in London, or any other distant country ; though even this was heretofore required, in strict practice. But, in the present instance, Captain McCullough was known to be here, a few days ago, his family always resides here, and he may himself, probably, be within a very short distance of the city at this moment. The plaintiffs having taken it upon themselves, not only to decide for the witness, that he would not attend, but also for the court, that they would not insist upon the rule, have acted in their own wrong ; and, upon this objection, we are of opinion, that the deposition ought not to be read in evidence,
 

 (b)
 

 II. The defendant’s counsel offered his books to prove, that in his account
 
 *289
 
 with the United States, at the
 
 time
 
 of the transaction between him and McCullough, there was a considerable balance in his favor.
 

 For the plaintiffs,
 
 Ingersoll
 
 and
 
 Sergeant.
 
 For the defendant,
 
 Tilghman Lewis
 
 and
 
 Wilson.
 

 But it was objected, for the plaintiffs, that the books of a party are only evidence of goods sold and delivered, or work done ; and that, therefore, they were inadmissible to the present purpose, which was to show that the money was advanced upon a contract different from that which the plaintiffs alleged.
 

 To this, it was answered that although the books of a party are only evidence to charge in the eases mentioned, yet, that they might well be received to establish a matter collateral to the cause.
 

 And by McKean, Chief Justice. — This is a point, that I do not remembei to have ever occurred before. The books are not offered to prove a charge against the plaintiffs, but only to determine a collateral question, whether a third person was the defendant’s debtor, at a particular period. How can this be accomplished, but by the evidence of uhe books, fairly and regularly kept ? To make it a charge, other vouchers of the entry might be necessary ; but for *this purpose, if it is of any importance to the cause
 
 nohh
 
 (which I do not think), I can conceive no other mode of proceeding. [*277
 

 The defendant, thinking, however, that he could accomplish his object in another way, did not call for a decision of the court;
 
 bat
 
 waived the reading of the books,
 

 (a)
 

 (a)
 

 See Vincent
 
 v.
 
 Huff, 4 S. & R. 298; Shannon
 
 v.
 
 Commonwealth, 8 Id. 444; Davis
 
 v.
 
 Barr, 9 Id. 138; Evans
 
 v.
 
 Eaton, Peters C. C. 338.
 

 (b)
 

 s. p. Wallace v. Mease, 4 Yeates 520. And it has been held, that if the party who takes the deposition does not choose to read it at the trial, it cannot be read by the opposite party, without complying with the rule as to subpoenaing the witness; Gordon v
 
 .
 
 Little, 8 S. & R. 583. But where the witness resides out of the jurisdiction of the court, his deposition may be read, without a subpoena having been taken out. Ranken
 
 v.
 
 Cooper, 2 Bro. 13: and see Parker v. Parr, 1 Id. 252. As to the practice of the circuit court of the United States, in this respect, see Browne v. Galloway, Peters C. C. 294; Penns v. Ingham, 2 W. C. C. 487; Banert
 
 v.
 
 Day, 3 Id. 243.
 

 (a)
 

 In the Juniata Bank
 
 v.
 
 Brown, 5 S. & R. 226; it was held, that in an action between A.
 
 &
 
 B., the books of original entries of O. were not evidence, to show a collateral fact; as that A. was chargedbv C. as a partner in a certain firm.