## Stout *v.* M. Wood, an Infant, by J. Wood, her next Friend.

Slanderous words actionable at common law, spoken in another state, will support an action here. *Aliter*, if not actionable at common law, nor shown to be so by statute in the state where spoken, though actionable here by statute.

Although a witness has been sworn in chief, examined, and cross-examined, yet if it be afterwards discovered, at any time during the trial, that he is interested, his testimony should be struck out.

A witness on cross-examination, declared he was not interested: *Held,* that his interest might be afterwards proved by other testimony.

ERROR to the *Franklin* Circuit Court.—This was an action of slander by *Margaret Wood* against the defendant below, for charging her at *Franklin* county, in this state, with fornication. Plea, not guilty.—At the trial, after one of the plaintiff's witnesses, named *Martin*, had been sworn in chief, and examined on her part, he was asked on the cross-examination by the defendant, if he were not interested: he answered in the negative. In the course of the evidence adduced by the defendant, he offered a witness to prove that the plaintiff's witness, *Martin,* who had himself been interrogated on the subject, was interested. The testimony was objected to, and the objection sustained. All the evidence on the subject, had relation to words spoken in the state of *Ohio;* and upon that ground, the defendant moved the Court to instruct the jury, that the words proved did not support the action. The Court overruled the motion, and instructed the jury, that the place where the words were spoken was immaterial, the action being transitory.—Verdict in favour of the plaintiff below for 800 dollars in damages, and judgment accordingly.

*Friday, July 28.*

Errors assigned: *First,* The words are not actionable at common law, nor shown to be so in *Ohio,* by statute. *Secondly,* The evidence rejected should have been admitted.

Scott, J.—The principle of transitory actions we conceive to be this: That as soon as one person becomes liable in such action to another, either by reason of a tort or a contract, that li-

ability attaches to the person, and follows him wherever he goes. The action of slander is transitory; and the right of action having once accrued, and the slanderer having become liable, he cannot, by removing from one place to another, discharge himself of that liability; and we think the rule will apply *e converso.* The words charged to have been spoken in this case, are not actionable at common law, but derive all their turpitude from our statute; and beyond its range they have no such quality, in a legal sense. If, at the time of speaking the words, a right of action accrued, and the defendant at that time became liable, the plaintiff might have commenced and sustained an action in the state of *Ohio.* This she could not do, unless authorized by a law of that state, because the place is not within the operation of our statute; and, independently of the statute, no right of action accrued to the plaintiff, no liability fastened upon the defendant, and therefore there could be no transition; for we cannot imagine that to be transitory, which has no existence. As the words are not actionable at common law, if they are actionable in the state of *Ohio* at all, they must have been made so by a special statute of that state; and as our Courts are not bound to take notice of the statutes of a sister state, unless shown to them, it was incumbent on the party claiming the benefit of such a provision, to show to the Court that the words were made actionable in *Ohio*, by a statute of that state. This we think was necessary to justify the Court in giving the instruction which they gave to the jury. In deciding this point we travel in a trackless course. We have not been able to find any precedents, and we presume there are none. We are satisfied, however, that this is the correct doctrine.—The Court misdirected the jury.

There is another point in this case, which claims our attention. The Court, on the trial, refused to permit the defendant to introduce testimony to prove that one of the plaintiff's witnesses was interested. In this also the Court decided incorrectly (1).

HOLMAN, J., was absent in consequence of indisposition.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded to the Circuit Court, with directions to award a *venire facias de novo.*

*Caswell,* for the plaintiff.

*Lane,* for the defendant.

.(1) The incompetency of a witness arising from interest, is established either by examining him on the *voire dire*, or proving it by other testimony. Formerly, the objection came too late, if made after the witness had been examined *in chief;* but it may now be taken at any time during the trial, when first discovered. *Turner* v. *Pearte*, 1 T. R. 717.—*Stone* v. *Blackburn*, 1 Esp. Rep. 37.—*Howell* v. *Lock*, 2 Campb. Rep. 14.—1 Phill. Ev. 96, 204.—1 Stark. Ev. 121, 122.—*Baldwin* v. *West*, Hardin, 50. The practice on this subject has been relaxed in another respect. The rule formerly was, that when a witness was examined on the *voire dire* as to his interest, and he discharged himself, the party objecting was thereby concluded. *Queen* v. *Muscot*, 10 Mod. 192.—*Mifflin* v. *Bingham*, 1 Dall. 272.—Cases cited in 2 Stark. Ev. 756, note 2. But it is said that the practice is now otherwise, and that the party is not precluded by the answer of the witness on the *voire dire*, from afterwards proving the fact of his interest, and consequent incompetency, by other testimony. 2 Stark. Ev. 756, and note p.—1 Arch. Pr. 171.

The right to examine a witness as to his competency, does not extend to questions, the answers to which may expose him to any criminal punishment, or penal liability. *Rex* v. *Barber*, 1 Strange, 444.-*Cates* v. *Hardacre*, 3 Taunt. 424.—1 Stark. Ev. 135.—1 Burr's Trial, 245. But whether a witness is bound to answer any inquiry tending merely to his disgrace, is a question perhaps not altogether settled; the current of decisions, however, it is believed, is in opposition to such an examination. Vide 1 Phill. Ev. 206-208.—1 Arch. Pr. 171.— 1 Stark. Ev. 137-144.—The *People* v. *Herrick*, 13 Johns. Rep. 82.

The subject of discrediting and criminating witnesses, was considerably discussed in a late case in *England*. *Ellenborough*, C. J.—For the purpose of ascertaining the credit due to witnesses, the Court indulge free cross-examination; but when a crime is imputed to a witness, of which he may be convicted by due course of law, the Court know but one medium of proof, the record of conviction. You may ask the witness whether he has been guilty of such a crime, this, indeed, would be improperly asked, because he is not bound to criminate himself, but if he does answer promptly, you must be bound by the answer which he gives, for the Court does not sit for the purpose of examining into collateral crimes. *Bayley*, J.—If a witness has been guilty of a crime which incapacitates him, you are to produce the record of his conviction and prove his identity. The rule is, that a party against whom a witness is called, may examine witnesses as to his general character; but he is not allowed to prove particular facts, in order to discredit him. The witnesses may state, that he is not a man to be believed upon his oath; but they cannot state, that at such a time he committed a particular offence. You may indeed ask the question of the witness himself; but if he choose to answer the question, you must stand or fall by the answer which he gives. He may demur to the question, for he is not bound to criminate himself; and if he refuse, this is not without its effect with the jury. If you ask a witness whether he has committed a particular crime, it would perhaps be going too far to say that you may discredit him if he refuse to answer; it is for the jury to draw what inferences they may. *Rex* v. *Watson*, 2 Stark. Rep. 116.

A witness cannot refuse to answer questions, because he may thereby subject himself to a *civil* liability or charge. 1 Stark. Ev. 135.—Stat. 46 Geo. 3.— *Gorham* v. *Carrol*, 3 Littell, 221.—*Black* v. *Crouch*, ibid. 226.——Contra, *Storrs* v. *Wetmore*, Kirby, 203.—Vide cases cited in 1 Stark. Ev. 135, note 1. That such questions must be answered, was settled beyond dispute, by the stat.

Geo. 3.; but previously to the stat., such had been declared to be the law, by a large majority of the *English* judges. 1 Hall's Amer. Law Journal, 223-232. —1 Stark. Ev. 135.