## SMITH v. THE MUNCIE NATIONAL BANK.

PRACTICE.—A demurrer will not lie to a part of a paragraph of a pleading. The only method of reaching special allegations is by motion to strike out.

BILL OF EXCHANGE.—ATTORNEYS FEES.—Where a bill of exchange contained a stipulation for the payment of attorney fees, it was held that it became a part of the contract of the acceptor.

SAME.—LAW OF THE PLACE.—In a suit upon a bill of exchange, the law of the place where the remedy is sought controls as to the parties who may be joined in the action.

SAME.—USURY.—To an action upon a bill of exchange, drawn in this State and payable in *Ohio*, the acceptor answered that he had accepted the bill for the accommodation of the drawer; that the bill was usurious, under the laws of *Indiana*, and was made payable in *Ohio* to evade the statutes of *Indiana* and to defraud the defendant.

*Held*, that the allegation of fraud could have no force, as the acceptance was of a bill for a sum fixed.

*Held*, also, that as, so far as appeared by the pleadings, the bill was drawn in good faith, and with the intention that the contract should be performed in *Ohio*, the intention to secure the greater rate of interest allowed in that state did not make the bill usurious.

*Held*, also, that as no statute of *Ohio* was pleaded, the court must presume that the common law prevails in that state, and that the rate of interest on money is not limited.

PLEA OF USURY.—No greater certainty or strictness is required in a plea of usury than in any other defense.

PLEADING.—SURETYSHIP.—That a defendant is a surety upon a note or bill

is no defense to the action, and should not delay the plaintiff's proceedings. The issue made by an averment of this fact, is between the surety and his principal.

APPEAL from the *Madison* Common Pleas.

RAY, J.—This was an action by the appellant upon a bill of exchange, drawn in *Muncie, Indiana,* upon the appellant, in *Cincinnati, Ohio,* payable in that place, and accepted by him. The suit was against the drawers, indorsers and acceptor. The appellant filed a demurrer to the complaint, which was overruled, and also what he terms a special demurrer to so much of the complaint as charged him with protest and attorneys' fees. The court overruled the demurrer to the complaint and sustained the demurrer to that part of the complaint claiming protest and attorneys' fees for the collection of the bill. The only method, under our practice, to reach any special allegations in a complaint, answer, or reply, is by motion to strike out.

The appellant answered in five paragraphs. The first was a denial.

The second, that by the law of *Ohio* the appellant could not be sued as acceptor in a joint action against the defendants. The court properly sustained a demurrer to this paragraph, as the law of the place where the remedy is sought must control in this regard. It is urged that the court having, on appellant's special demurrer, struck out the averment seeking to charge him for protest and attorneys' fees, he is not interested in the entire cause of action. It is sufficient answer to this, if there were any force in the objection, to say that one error of the court will not justify another. The bill on its face contained an agreement to pay attorneys' fees, and when accepted, the acceptor comes under an absolute obligation to pay the bill according to its tenor; he holds the place of the maker of a note. 1 Parson on Notes and Bills 54. "And if he fails to perform his engagement, he is liable, in an action, for the .amount of the bill and interest, and the costs of protest for non-payment." *Bowen et al.,* v. *Stoddard,* 10. Met. 375.

The third paragraph alleges that the appellant accepted the bill of exchange for the accommodation of the drawers and the first endorser thereof, and that said bill was usurious under the laws of *Indiana,* and was made payable in *Ohio* "to evade the statutes of *Indiana,* and to defraud said defendant." To this a demurrer was sustained.

The rule stated in *Miller* v. *Tiffany,* 1 Wal. 298, is that "the general principle in relation to contracts made in one place, to be performed in another, is well settled. They are to be governed by the law of the place of performance, and if the interest allowed at the place of performance is higher than that permitted at the place of contract, the parties may stipulate for the higher interest, without incuring the penalties of usury. The converse of this proposition is also well settled. If the rate of interest be higher at the place of contract than at the place of performance, the parties may lawfully contract in that case, also, for the higher rate."

The allegation that any fraud was attempted on the appellant by making the bill payable in *Ohio* can have no force. He was an accommodation acceptor, and resided in Cincinnati, and had no funds of the drawer in his hands, and his acceptance was of a bill of exchange for an amount named. By his acceptance, he agreed to pay that amount and the rate of interest included therein could not alter the sum he agreed to pay, so as to work any fraud upon him.

Does, then, the averment, that for the purpose of "evading" or escaping from the force of the usury laws of this state, and securing a higher rate of interest under the laws of another state, the bill was made payable in the latter state, amount to an allegation that the bill was usurious? We think not. This averment does not deny that it was the intention of the parties that the contract should be executed in *Ohio*, in good faith, and we do not see why the laws of a sister state may not be taken advantage of by citizens of our own state, when, with whatever motive, they elect to make that state the place for the performance of

any contract into which they enter. It has been held that for the purpose of giving a special court jurisdiction of a cause, a party may change his residence, and we see no reason why, in order to avail himself of the laws of a particular locality, he may not select that place for the performance of a contract. Of course the purpose must be to require the discharge of the contract at that locality.

We must presume that the common law remains unchanged by statute in *Ohio*, and that no limit is fixed to the rate of interest upon money. *Engler et al.*, v. *Ellis et al.* 16 Ind. 475. This rule must be regarded as fixed in this state, where no statute is pleaded. The case of *Shaw et al.* v. *Wood et al.* 8 Ind. 518, did not hold otherwise, as the case was expressly decided upon another ground, and the remarks made in the opinion upon this point were, as is therein stated, simply "for future convenience." It is, perhaps, unfortunate, that in *Blystone* v. *Burgett*, 10 Ind. 28, the court should have been led into an inadvertent citation of the former case, as authority upon this point, when the question was not before them for consideration in either case. The ruling, indeed, in this state, has been uniform. *Stout* v. *Wood*, 1 Blackf. 71; *Titus* v. *Scantling*, 4 *id.* 89; *Holman* v. *Collins*, 1 Ind. 24; *Trimble* v. *Trimble*, 2 Ind. 76; *Johnson et al.* v. *Chambers et al.*, 12 Ind. 102; *Engler et al.* v. *Ellis et al.*, *supra; Crake* v. *Crake*, 18 Ind. 156; *Buckinghouse* v. *Gregg*, 19 Ind. 401. This is also the rule in many other states, and it has been recently so decided in *New York*. *White et al.* v. *Knapp*, 47 Barb. 549.

However reasonable it might be to conclude that where parties have submitted their rights to be adjudicated upon in our courts, if they did not introduce to the attention of the court any foreign statute which might control its ruling, they should be held to have elected to abide by the law of the former; still, we have too long recognized the other rule to now question its force. The demurrer was correctly sustained to this paragraph.

The fourth paragraph of the appellant's answer avers that he was an accommodation indorser, as appellee well knew, and that said bill was drawn to meet divers other bills of exchange of his co-defendants, already matured, of which said appellee was then the holder; that said bill in suit was drawn for the benefit of the appellee, and when so drawn there was added to the principal of said bill, and made a part thereof, by contract between the appellee and the said co-defendants, a large sum of money in excess of legal interest allowed by the State of *Ohio*, where said bill was accepted and made payable, and by the statute laws of *Indiana*, where the same was drawn and negotiated; that the sum of one thousand five hundred dollars, which sum was then and there made a part of the principal in said bill by the connivance, fraud and usurious contract of said appellee and said co-defendants; that said sum of money so retained, reserved and contracted for in excess of six per cent. per annum was and is usurious and void as to the excess by the statute law of the State of *Ohio*, where said bill was made payable. The statute of *Ohio* is set out, limiting the rate of interest and the sum to be recovered as interest to six per cent. per annum. And the appellant further charges that said appellee had actual notice of the usurious interest exacted in said bill before purchasing the same, and he avers that he never paid or agreed to pay said sum of one thousand five hundred dollars, or any other sum in excess of the legal rate of interest for the loan or use of said money; wherefore said appellant says said sum of one thousand five hundred dollars is not due said appellee on said bill, and he ought not to recover more than the actual consideration of said bill, with legal interest. A demurrer was sustained to this paragraph.

Under our code, we cannot require more certainty in the form of pleading one defense than in that used in stating any other. Indeed, since usury by our statute only forfeits the illegal interest, there can be no reason why unusual strictness should be required in such a plea. Here, although

fewer and more apt words might have been used in stating the defense, we think it appears, with reasonable certainty, that the amount of illegal interest included in the bill was the sum of one thousand five hundred dollars. As the amount of the bill, as stated in the complaint, is three thousand three hundred and thirty-three dollars and thirty-three cents, payable in fifty-one days after date, this sum would be clearly usurious.

The paragraph was therefore a defense to the amount of one thousand five hundred dollars, and the demurrer should have been overruled.

The fifth paragraph of the answer alleged that the appellant was the surety of his co-defendants, and demanded that execution so issue. A demurrer was sustained to this paragraph. This answer, it is claimed, comes within section 674 of the code. 2 G. & H. 308. But that section expressly provides that "such proceedings shall not affect the proceedings of the plaintiff." It cannot, therefore, be a cause of defense, or in any manner delay the plaintiff in obtaining his judgment. It is an issue between the defendants simply. The demurrer was properly sustained.

For the error in sustaining the demurrer to the fourth paragraph of the appellant's answer, the judgment must be reversed, with costs, and the cause remanded for further proceedings.

*M. S. Robinson* for appellant.

*T. S. Walterhouse* and *C. W. Moore* for appellee.