Fletcher *et al. v.* Finch, and Schooley.

# IN GENERAL TERM, 1873.

STOUGHTON A. FLETCHER ET AL, *v.* GEORGE W. ZEIGLER, FABIUS M. FINCH AND THOMAS SCHOOLEY, Appellants.

PROMISSORY NOTE—*sureties, liability on—*
SURETIES—*contribution, between.*

Suit on a note made by A, and B to C and indorsed by C to the plaintiffs. C answers that his co-defendants were the makers of the note, and are primarily liable, and that he is only an accommodation indorser, and that they be first exhausted to pay said note. B answering— denies C's averments, and avers *inter alia,* that A is the principal, and that he is a co-surety with C, and that before suit, this defendant paid one-half of said note and costs, and that execution should now be levied on the goods of C for the residue.

Demurrer by C to these answers was overruled.

*Held :* There was nothing material in these answers, but what was clearly admissible under the general denial. The Statute does not authorize the Court to say that the debt shall be first levied of the goods of one, or more of the sureties. The creditor has a right to hold all the sureties for all the debt until it is all paid. The defendants were all liable, and as to the plaintiff, parol evidence was inadmissible to vary the liability which the law attaches to the parties from the position in which their names appear upon the paper.

As between themselves, the rule is different, and the Statute gives parties liable upon paper an easy and convenient remedy for sureties to have their liability, as to other parties, tried and determined.

*Held :* The Statute does not authorize the Court to interfere with, or delay the remedy of the creditor in order to settle questions of contribution between sureties. It is only where one surety has paid more than his share, that he has a claim for contribution, there was no error in the ruling of the Court on these demurrers.

*Hanna & Knefler,* for appellants.
*Taylor, Rand & Taylor,* for appellee.

BLAIR, J.—This is a suit upon a negotiable promissory note, purporting to be made by Zeigler, and Finch, payable to Schooley, and by him indorsed to the plaintiffs.

The defendant, Schooley, answered by way of cross-complaint, under the provisions of Sections 674 and 675 of the Code, (2 G. &. H.) that his co-defendants Zeigler, and Finch, were makers of the note, and primarily liable, and that he is only an accommodation indorser, or surety, and he asks that his co-defendants be first exhausted, &c.

To this cross-complaint the defendant, Finch, filed an answer in three paragraphs, the first a general denial, and the other two setting up in substance, that the note was made by Zeigler for money loaned him, and that he (Finch) signed the note as surety for Zeigler, and as a co-surety with Schooley, of which facts he avers Schooley had full knowledge, and that before suit he paid in full, one-half the amount of said note, and costs of protest, and he asks that execution may be first levied on the goods of Schooley for the residue.

A demurrer of Schooley was overruled to each of these paragraphs. This ruling is the first error assigned.

There was nothing material in these answers, but what was admissible under the general denial. The statute before cited only authorizes an order to be made that the debt shall be first levied of the goods of the principal. It does not authorize the Court to say that the debt shall be first levied of the goods of one, or more of the sureties. The creditor has a right to hold all the sureties for all of the debt, until it is all paid. He cannot be compelled to have his debt levied of the goods of each surety, as he may be in turn liable, thus probably having his payment delayed.

The allegation of the payment of one-half of the debt was, therefore, mere surplusage, and Schooley was not, nor could he have been injured by the ruling on the demurrer.

The defendants were all liable to the plaintiffs upon the note, and the authorities cited by the appellant Schooley, show that as to the plaintiff, parol evidence was inadmissible to vary the liability which the law attaches to the parties from the position in which their names appear upon the paper. This is now the law in this State. *Drake* v. *Markle*, 21 *Ind.*, 433; *Smith* v. *The Muncie National Bank*, 29 *Ind.*, 158; *Bowser et al.* v. *Rendell*, 31 *Ind.*, 128; As between themselves, however, the rule is different, and the statute before cited gives parties liable upon paper, an easy and convenient remedy for sureties to have their liability as to other parties tried, and determined. *Harker* v. *Glidewell et al.*, 23 *Ind.*, 219.

There was no error, therefore, in the ruling of the Court on the demurrers.

The Court, on the trial of the cause, found that Schooley and Finch were co-sureties for the defendant Zeigler.

The next error assigned is the overruling of the defendant Schooley's motion for a new trial. The only additional question raised upon this ruling is the sufficiency of the evidence.

We have examined the evidence, and think the finding was fully sustained. The testimony of the defendant, Schooley, is to the effect, that Zeigler represented to him that Finch was to be a maker of the note, and that he indorsed it on the faith of such representations. Finch's name was not then on the note, and there is no evidence tending to show that Finch authorized Zeigler to make any statements that he would join as a maker; and it is clear from the evidence that Finch only signed as a surety for Zeigler.

The defendant, Finch, made a motion for an order that execution be first levied of the goods of Schooley. This motion was overruled, and the ruling is assigned as error by the defendant, Finch.

The statute does not authorize the Court to interfere with,

Fletcher *et al. v.* Finch, and Schooley.

or delay the remedy of the creditor, in order to settle questions of contribution between sureties, in a suit by the creditor. It is only where one surety has paid more than his share, that he has a claim for contribution. Finch only shows that he has paid his full share.

For these, and other reasons heretofore given in reference to the allegations in the pleadings, we think there was no error in overruling the motion.

Judgment affirmed.

---

NOTE.—"The surety's right to *re-imbursement* from the principal accrues, *toties quoties,* he is compelled to make a payment; with regard to his right to contribution, it is different, for until one has paid more than his proportion, either of the whole debt, or of the part which remains due from his principal, it is not clear that he ever will be entitled to demand anything from the other, and before that, he has no equity to receive a contribution, and consequently no right of action which is founded on the equity to secure it."

"Whenever it appears that one has paid more than his proportion of what the sureties can ever be called upon to pay, then, and not until then, it is also clear, that such part ought to be repaid by the others, and the action will lie for it." See *Smith's Mer. Law, p.* 586–7, *and authorities cited.*

The surety in such case may compel contribution without showing an inability in the principal to pay. *Note marginal page* 523, *Chitty on Contracts, contra in same note;* sec, further, *Chitty on Contracts, marginal page* 523, 524 *and Sedgwick on Damages,* 341, *and notes.*—REPORTER.