**Donald SMITH, Plaintiff,**

v.

**ROYAL CARIBBEAN CRUISES, LTD., Defendant.**

No. 13–20697–Civ–COOKE/TORRES.

United States District Court, S.D. Florida.

Signed Oct. 7, 2014.

James S. Robertson, III, Cochran Firm, Miami, FL, for Plaintiff.

Brian Hugo McGuire, Marcus G. Mahfood, Darren Wayne Friedman, Foreman Friedman, PA, Leah H. Martinez, Royal Caribbean Cruises Ltd., Miami, FL, for Defendant.

## ORDER

EDWIN G. TORRES, United States Magistrate Judge.

This matter comes before the Court on Defendant's Motion for Protective Order [D.E. 56] that seeks to preclude untimely deposition notices and discovery requests on

the eve of trial. Plaintiff has responded in opposition to the motion and Defendant Replied. For the following reasons, Defendant's Motion will be granted.

## I. BACKGROUND

Plaintiff filed this suit after hitting his head while swimming in a pool onboard the Defendant's vessel. Plaintiff alleges that the Defendant's negligence caused or contributed to the errant swim. After the Court denied Defendant's motion for summary judgment, the case was set for trial to begin on September 8, 2014 [D.E. 48], which was later continued to October 20, 2014 [D.E. 50]. The discovery period had long since expired back in December 2013. [D.E. 11].

Nevertheless, Plaintiff served on September 26, 2014 (less than one month before the re-rescheduled trial date) a Notice to Produce at trial requesting RCL produce certain corporate records at the commencement of trial. Plaintiff also served trial subpoenas for two RCL corporate representatives seeking trial testimony identified in a Rule 30(b)(6)-type addendum comprised of areas of inquiry and documents to be produced at trial. [D.E. 56, Exhs. A–C]. Plaintiff also served two Notices for Deposition of Drs. Ganesh K. Akula, M.D., and Donald Behrmann, M.D., for depositions to be taken in October in the Middle District of Florida.

The pending motion seeks entry of a protective order that precludes compliance with the discovery requests and trial subpoenas from an adverse party at trial, and bars the taking of depositions for use at trial such as those noticed here. Defendant argues that the time for discovery has long since expired, that the document and deposition notices at issue are purely discovery tools, and that no good cause exists for the taking of untimely discovery in the case.

Plaintiff argues in response that the depositions are not discovery devices but, instead, methods necessary to obtain trial testimony from Plaintiff's treating physicians, which are purportedly sanctioned as depositions *de bene esse* under *Charles v. Wade,* 665 F.2d 661 (5th Cir.1982). Moreover, Plaintiff claims that the production requests and corporate representative notices for trial are necessary for Plaintiff's presentation of evidence at trial, including the identification of the reasons why videotape evidence of the swimming pool incident was destroyed. Plaintiff complains that Defendant did not timely produce a corporate representative for deposition and, hence, Plaintiff seeks to obtain that evidence for use at trial.

## II. ANALYSIS

### A. De Bene Esse Depositions

We will first turn to Plaintiff's effort to preserve the trial testimony of two treating physicians that cannot be subpoenaed for trial. Plaintiff argues that these crucial witnesses are unavailable to testify at trial under Fed.R.Civ.P. 45(c)(3)(A)(ii) because they live more than 100 miles from the place of trial. Therefore, according to Plaintiff, these witnesses' depositions should be treated as trial testimony (often referred to as *de bene esse* depositions), not discovery depositions, and which trial depositions presumably may be taken at any time prior to trial regardless of any discovery cutoff in the Court's scheduling Order. Plaintiff also contends that the Court did not specifically stipulate that the discovery deadlines apply to both discovery and trial depositions; therefore, Plaintiff is not subject to a deadline to take trial depositions. Indeed, Plaintiff claims that it would be an abuse of discretion not to allow these trial depositions to proceed.

*De bene esse* depositions have a long history. Dating back to the earliest days of our nation's history and beyond, the taking of a *de bene esse* deposition was a well recognized litigation tool for the preservation of testimony through a "provisional" statement taken of a witness who may be absent at the time of trial. 26B Corpus Juris Secundum, *Deposition* § 9. Originally recognized under both chancery and admiralty jurisdiction, a party could take the statement of a witness, with notice to the opposing party, who was be-

lieved to be leaving the jurisdiction and thus unavailable for trial. *See, e.g., Mumford v. Church,* 1 Johns Cas. 147 (N.Y.Sup.Ct.1799); *Mifflin v. Bingham,* 1 U.S. 272, 274–75, 1 Dall. 272, 1 L.Ed. 133 (Pa.1788). The deposition could then be admitted at trial, unless the witness in fact was available at the time of trial and should have been subpoenaed to testify in person. *Mifflin,* 1 U.S. at 277.

As litigation practice became codified through rules of procedure, *de bene esse* depositions remained available mechanisms to obtain witnesses' testimony. *See generally* 94 A.L.R.2d 1172 § 2 (1964). In federal practice, the enactment of the original Federal Rules of Civil Procedure may not have initially supplanted the availability of *de bene esse* depositions. The drafters of the rule, originally requiring parties to wait at least twenty days before commencing discovery, recognized that such a rule had an exception for certain deponents, especially in admiralty or maritime cases, who would not be available for examination at trial and who may have to be deposed soon after the filing of the litigation. Thus the drafters of the 1966 amendments expressly retained the right of parties to follow the *de bene esse* deposition procedure, thereby allowing parties to take early depositions of unavailable deponents without leave of court. *See* Fed.R.Civ.P. 26, Adv. Comte. Note (1966).

But, as the discovery rules evolved in modern litigation practice, it became clear over time that any distinction between depositions "for discovery" and depositions *de bene esse* "for trial" was no longer meaningful. The drafters of the 1970 amendments incorporated this view by altering Rule 30(a) to provide explicitly that a party did not require leave of court to take a deposition before the time specified in Rule 26(d) if the party certified that the deponent was expected to be unavailable for examination. Fed.R.Civ.P. 30, Adv. Comte. Note (1970). The drafters thus acknowledged that *de bene esse* procedures were superfluous and should be considered repealed. *Id. See generally* 8 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 2002 n. 1 (2d ed. 1994).

The current version of the Federal Rules of Civil Procedure now make no provision or mention whatsoever of depositions *de bene esse.* Once an action has been filed, Rules 30 through 32 recognize a "deposition" as a recorded statement of a party or witness that can be used by a party for any purpose, whether it be pure discovery, source of impeachment, or trial testimony for a case in chief. Rule 27, by contrast, codifies a procedure for obtaining a deposition *before* litigation ensues to obtain discovery necessary to ascertain facts for use in a later-filed action. But other than this unique and rarely-used rule, a "deposition" taken once an action has commenced has but one meaning and definition: a deposition as a discovery device under Rule 30.

For instance, Rule 30(a)(2) now unambiguously provides as follows for "Depositions Upon Oral Examination" (notably not styled as "*Discovery* Depositions Upon Oral Examination"):

A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):

(A) if the parties have not stipulated to the deposition and:

(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;

(ii) the deponent has already been deposed in the case; or

(iii) *the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time;* or

(B) if the deponent is confined in prison.

Fed.R.Civ.P. 30(a) (emphasis added).

Hence the text of the modern-day deposition rule leaves no room for the continued

existence or necessity for *de bene esse* depositions, as the Fifth Circuit recognized as much in a decision, binding in the Eleventh Circuit, that rejected a party's attempt to preclude the use of a deposition at trial that had only been taken as a pure "discovery" deposition, rather than a trial deposition (*i.e.*, a *de bene esse* deposition). *See Savoie v. Lafourche Boat Rentals, Inc.*, 627 F.2d 722 (5th Cir.1980). As that decision explained:

> Loffland asserts that the trial court should not have permitted Lafourche to introduce a deposition of an expert witness taken by Loffland's attorney. Loffland contends that, because the deposition was identified as being taken for discovery purposes, it could not be used at trial to supply evidence that Loffland was negligent. *To support this novel theory, Loffland suggests that discovery will be discouraged if "discovery" depositions of expert witnesses can be used at trial against the deposing party. Loffland cites no authority, and we know of none, in support of the proposition that discovery depositions may not be used at trial against the party who conducted them.* On the contrary, Federal Rule of Civil Procedure 32 provides that depositions of witnesses "may be used by any party for any purpose if the court finds: ... (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States". Fed.R.Civ.P. 32(a)(3).

*Id.* at 724 (affirming trial court's decision to admit deposition into evidence at trial).

Any doubt as to the extinction of *de bene esse* depositions in modern day civil practice was then put to rest by the Eleventh Circuit's decision in *Chrysler Int'l Corp. v. Chemaly*, where our Circuit Court held that there is no distinction between de bene esse depositions, or trial depositions, and discovery depositions. 280 F.3d 1358, 1362 n. 8 (11th Cir.2002) ("[The] district court's identical treatment ... of discovery and *de bene esse* depositions is consistent with the language of the Federal Rules of Civil Procedure...."). Consequently, the court in *Chrysler* affirmed a district court's denial of

leave for a party to take a *de bene esse* deposition shortly before trial, and after the discovery cutoff, which is precisely what Plaintiff now seeks to do.

We note as well that the Eleventh Circuit's conclusion is the widely accepted view by federal courts throughout the country. *See, e.g., Tatman v. Collins*, 938 F.2d 509, 510–11 (4th Cir.1991) (the court would not make any distinction between *de bene esse* depositions and other depositions, as it was unaware of any authority that draws such distinction); *Integra Lifesciences I, Ltd. v. Merck*, 190 F.R.D. 556, 558 (S.D.Cal.1999) (the Federal Rules of Civil Procedure make no distinction between discovery depositions and those for use at trial, citing *Spangler v. Sears, Roebuck and Co.*, 138 F.R.D. 122 (S.D.Ind.1991) and *Henkel v. XIM Products, Inc.*, 133 F.R.D. 556 (D.Minn.1991)); *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 353 (D.Colo. 2001) (same).

Plaintiff's contrary position is not frivolous given one isolated decision also issued by the former Fifth Circuit, *Charles v. Wade*, 665 F.2d 661 (5th Cir.1980). But Plaintiff's reliance on *Charles* to support his argument— that the Court should allow Plaintiff to take "trial" depositions long after the close of discovery—is simply misplaced because the extraordinary facts in *Charles* render it too distinguishable to follow in the vast majority of civil cases. And, even more dispositively, the Eleventh Circuit's decision in *Chrysler* could have, but chose not to, follow *Charles* in that case that precisely held to the contrary. The Eleventh Circuit's approach in *Chrysler* compels our conclusion here.

In *Charles* a civil rights plaintiff, formerly confined to a prison facility, requested leave to depose a key witness, who was still housed in prison, six weeks before trial. *Id.* at 662–64. The defendant sought the testimony of the inmate who purportedly was promised release from prison by the defendants if he falsely testified that plaintiff confessed to committing a murder. Significantly, the existence of this witness was discovered only late in the discovery period. *Id.* at 663–64.

The district court denied the request based upon the close of discovery and the plaintiff lost his case. On appeal, the Court of Appeals reversed, holding that the trial court abused its discretion because "this was clearly an inappropriate reason for denying the appellant's motion to depose." *Id.* at 664. The court found that, although the discovery period had closed at the time the plaintiff sought leave, the requested deposition was not intended for purposes of discovery but, rather, for purposes of trial testimony for a crucial unavailable witness. *Id.* The panel decision reasoned:

> A party to a lawsuit obviously is entitled to present his witnesses. The fact that the discovery period had closed had no bearing on appellant's need, or his right, to have the jury hear Nixon's testimony. We hold that the court clearly erred in denying appellant's deposition motion on the ground stated in its order.

*Id.*

Naturally, Plaintiff points to this decision to support his argument that he is entitled as a matter of right to obtain these "trial" depositions despite the passage of the discovery cutoff in our case. But how then does one reconcile *Charles* with what the Fifth Circuit said in *Savoie* and what the Eleventh Circuit held in *Chrysler?* The answer is that *Charles* should not be treated as this Circuit's ultimate statement on the question given its very unique facts that presented a palpable sense of unfairness and formalism to the detriment of a civil rights litigant. It is a decision driven by its facts, and should thus be read as such.

■ The broader principle that should apply to all but the most unique of cases in civil litigation can be found in *Savoie* and *Chrysler.* That principle is now well established: there is no right to a "trial deposition" separate and apart from the "deposition" rules expressly found in Rules 30 through 32. Parties who make the tactical decision not to preserve deposition testimony during the discovery phase take the risk that the testimony will not be presented if the witness is unable or unwilling to appear at trial. *See also Energex Enters., Inc. v. Shughart,* 2006 WL 2401245, *7 (D.Ariz.2006). Rule 26 is not designed to protect deponents from "mere inconvenience." *Provide Commerce, Inc. v. Preferred Commerce, Inc.,* 2008 WL 360588, *2 (S.D.Fla.2008).

The strongest reason why this principle must apply is that the modern Federal Rules of Civil Procedure *expressly* confer very broad and comprehensive discretion by district courts over the management of all pretrial activities, especially discovery and scheduling. *Chrysler,* 280 F.3d at 1360. For instance, the former Fifth Circuit decided *Charles* long before the enactment of the 1993 Civil Justice Reform Act, which greatly expanded the role and power of district courts to issue trial scheduling orders that set the parties' deadlines to complete all discovery under Rule 16. The Eleventh Circuit's decision in *Chrysler,* which clearly departed from the policy-driven perspective of *Charles,* reflects that different reality. *See also Integra,* 190 F.R.D. at 558 ("*Charles* is [not] persuasive[,] ... [t]he court's decision ... lacks any analysis of the wide latitude to be given to trial courts to manage their own cases.").

If trial depositions are not governed by standard discovery deadlines required by Rule 16 and the procedures for "depositions" set forth in Rule 30 and 32, parties could wait until after discovery closes to take depositions by merely designating the depositions "for trial use." *Id.* at 559. Consequently, permitting parties as a matter of course to take depositions after the close of discovery would undermine the Court's ability to manage its docket. Otherwise, for example, how many "trial depositions" would a party be permitted to take, notwithstanding Rule 30(a)(2)(A)(i) (leave of court required for more than ten depositions)? Does a party have the right to take a "trial deposition" that lasts longer than seven hours, notwithstanding Rule 30(d)(1) (depositions shall not exceed seven hours)? Can a party take a trial deposition remotely, notwithstanding the limitations for remote means found in

Rule 30(b)(4)? If there truly exists a right to take a trial deposition *de bene esse*, why would any of the limitations or conditions found in Rule 30 ever presumptively apply?

Obviously reasonable persons would say that, *of course*, Rule 30's limitations on how depositions are conducted would have to apply to so-called trial depositions. But why? Those who might suggest such a compromise are doing so on an ad hoc basis, untethered to any rule of procedure, despite the fact that federal lawmakers clearly contemplated that modern litigation practice be defined by and confined to the Rules. *See* Fed.R.Civ.P. 1 (*"These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81."*) (emphasis added).

■ Accordingly, we hold that the Plaintiff, who is engaged in standard civil litigation, represented by counsel, in a routine civil case like those pending in every court in the country, has no right to take a trial deposition of any witness contrary to the schedule set forth by the Court's Rule 16 scheduling orders. The discovery cutoff has come and gone, and thus the time for taking depositions for discovery, impeachment or trial purposes has also long since passed.

Plaintiff argues in part that this case is unique given the Defendant's contractual requirement that forces plaintiffs to sue in this forum even if it is far from where they live and work. Thus, these foreign plaintiffs' cases are materially hamstrung by the inability to present live witnesses necessary for their cases simply because they too live outside the jurisdiction. In other words, Plaintiff argues, he should be able to call his treating physicians at trial through the deposition procedure to ameliorate the prejudice that he would otherwise suffer from having to litigate in a forum far away from his own.

Plaintiff's position is understandable but not altogether unusual in modern civil litigation. Often, injured parties must obtain treatment from physicians who are not present in the forum where litigation was filed,

yet they too have to comply with the rules of civil procedure like everyone else. This Plaintiff is in the same boat as all those other plaintiffs who know that they are required to depose their foreign witnesses in accordance with the discovery cutoff. This Plaintiff failed to timely do so with respect to these two treating physicians.

Plaintiff, however, is not without a remedy. Plaintiff can compensate the physicians for their travel to the jurisdiction for trial. Or, if that is unduly expensive or cumbersome, Plaintiff can seek relief from the trial judge to obtain leave for these witnesses to testify remotely via video conference. Though certainly the trial judge has the discretion to bar such testimony, the Court can certainly consider Plaintiff's position at the time and adjudicate that issue in light of all the circumstances, one of which is the entry of this Order and the hardship that Plaintiff may suffer otherwise. For instance, it is not at all clear how compelling the treating physicians' testimony is in this case given the availability of medical records and Plaintiff's own expert witness. But regardless, those considerations can be made through an appropriate request at trial.

What is not appropriate under the Court's Rules, however, is Plaintiff's demand to obtain deposition testimony months after the discovery cutoff elapsed on the eve of trial. Defendant is clearly prejudiced by that demand and is thus entitled to Rule 26(c) relief through a protective order. Therefore, the motion is Granted in this respect.

### B. *Document Requests through Trial Subpoenas*

A similar result follows with respect to the other issues raised by Defendant's motion. Plaintiff has served document requests and subpoenas for trial under the guise of Rule 45 on a party long after the discovery cutoff expired. That is clearly improper under the Court's Rules. *See, e.g., Ghandi v. Police Dept. of Detroit,* 747 F.2d 338, 354–55 (6th Cir.1984) (trial subpoena duces tecum used to seek discovery just prior to trial properly

quashed); *Hatchett v. United States,* 1997 WL 397730, at *3 (E.D.Mich.1997) (trial subpoena cannot be used to obtain discovery after discovery period has ended); *Pitter v. American Express Co.,* 1984 WL 1272, at *5 (S.D.N.Y.1984) ("shotgun" production demands through use of trial subpoenas are impermissible substitute for proper pre-trial discovery); *Thompson v. Glenmede Trust Co.,* 1996 WL 529691, at *1 (E.D.Pa.1996) (unjust and burdensome to require party on eve of trial to produce documents pursuant to subpoena served after discovery deadline).

Similarly, the use of Rule 30(b)(6) notices for Defendant's corporate representatives, which notices include discovery requests for production at trial, is also improper. There is no provision allowing for the use of such a notice under Rule 45 as against another party or without specifically designating a "named person" within the jurisdiction to testify. *See, e.g., United Tort Claimants v. Quorum Health Res., LLC (In re Otero County Hosp. Ass'n),* 2014 WL 184984, at *10 (Bankr.D.N.M. Jan. 15, 2014).

■ Here, the use of a Rule 30(b)(6) notice upon unnamed Defendant corporative representatives, for designated testimony at trial, is both improper and ultimately unnecessary. Defendant must have a corporate representative at trial and certainly Plaintiff can call on that representative as a witness in his case in chief. By doing so, Plaintiff can obtain the testimony he now seeks through this notice. But what he cannot do is use a discovery device—a Rule 30(b)(6) notice—under the guise of a trial subpoena. The discovery period in the case is over and has been over since December 2013.

■ Finally, Plaintiff's remaining contention in his response—that these discovery requests and notices are necessary because Defendant did not timely produce its corporate representatives during discovery—is also without merit at this stage. Assuming that Plaintiff timely served a Rule 30(b)(6) notice prior to the discovery cutoff (which Defendant disputes), Plaintiff was entitled to

obtain Rule 37 relief if Defendant failed to comply with its discovery obligations.

But Plaintiff was required to seek that relief prior to the end of the discovery period. Under the Court's Rules, all discovery must be served well in advance of the discovery cutoff in order to allow all responding parties to do so by that date. S.D. Fla. Local R. 26.1(f)(2); S.D. Fla. Local R. Gen. App. A (Discovery Practices Handbook) § I–E–(1) ("each Judge follows the rule that the completion date means that all discovery must be completed by that date [the discovery deadline]"). Accordingly, any motions to compel should have been filed in advance of the discovery cutoff date in order to be deemed timely.

In this case, no motion to compel was ever filed, either before or after the discovery cutoff. Plaintiff thus waived any Rule 37 argument he may have had with respect to that issue. And, apart from the discovery cutoff, Plaintiff waived that argument when he did not seek relief within thirty days of the occurrence of the discovery violation, as required by S.D. Fla. Local R. 26.1(h). If in fact Defendant had not produced its corporate representative as required by the Court's Rules, Plaintiff was required to enforce those Rules within thirty days. Plaintiff never sought such relief. Hence, Plaintiff cannot turn to these untimely discovery devices to remedy a problem that he altogether waived back in December 2013.

Therefore, because the discovery requests at issue are untimely and otherwise waived in this case, Defendant is entitled to a protective order that precludes enforcement of either the Rule 34 requests, the Rule 30(b)(6) notices, and/or the Rule 45 trial subpoenas that are not in accordance with the Court's rules. Again, the entry of this Order does not preclude Plaintiff from seeking testimony or relief at trial that he is entitled to at that time under the Court's Rules and procedures.

### III. CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that Defen-

dant's Motion for Protective Order [D.E. 56] is **GRANTED.** All discovery requests, notices, and subpoenas referenced in the Motion are Stricken.

**DONE AND ORDERED.**