Ruben **ROSENTHAL**, Plaintiff,

v.

**PEOPLES CAB COMPANY**, a corporation, Defendant.

Civ. A. No. 17356.

United States District Court
W. D. Pennsylvania.

Sept. 16, 1960.

John Wirtzman, Pittsburgh, Pa., for plaintiff.

Arthur G. Stein, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this diversity action based on negligence the following question is presented:

Where a deposition is taken by the plaintiff solely for the purpose of discovery as distinguished from trial from an agent of the defendant who was the driver of the instrumentality and who subsequent thereto has died, may the defendant use said deposition during trial as substantive testimony?

The court is confronted with an enigma in view of the complete dearth of authority and the silence manifested in the Rule governing depositions, Rule 26, Federal Rules of Civil Procedure, 28 U. S.C.A.

Nevertheless, certain principles indigenous to the administration of justice must be considered together with the language of Rule 26 of the Federal Rules of Civil Procedure.

It is not in dispute that counsel for plaintiff deposed the driver of defendant's taxicab solely for purposes of discovery. Counsel for defendant was present but engaged in no interrogation of the witness. The witness subsequently died and defendant desires to offer said deposition as substantive evidence during trial.

Plaintiff moves to suppress the deposition for the reason that it was taken solely for discovery purposes and no opportunity for cross-examination was afforded through the use of leading questions since the witness did not appear to be hostile or recalcitrant.

Rule 26(a) provides, inter alia:
"Any party may take the testimony of any person * * * for the purpose of discovery or for use as evidence in the action or for both purposes." (Emphasis supplied).

Inextricably woven into Rule 26(a) is Rule 26(d) which provides for the admissability under rules of evidence for any part or all of a deposition at trial. The Rule does not evince a distinction as to admissibility at trial between a deposition taken solely for purposes of discovery and one taken for use at trial, and I am not empowered to read a restriction into the Rule which does not exist.

I have reviewed the deposition in great detail. I am satisfied that plaintiff counsel made a most thorough examination of

the witness. I am further convinced that admitting said deposition into evidence will not prove prejudicial to the plaintiff, recognizing as I must that the rules concerning the admissibility of evidence are designed to obtain as much of the truth as possible. To refuse its admissibility might endanger the defendant's position and deny it an opportunity to present a defense.

In order to assure plaintiff every conceivable protection, in view of the abrupt death of the witness and lack of opportunity to submit him to cross-examination, it is my judgment that the deposition should be admitted for the consideration of the jury for whatever it is worth, subject to cautionary instructions of the court and such observations as the circumstances may require, Inland Bonding Co. v. Mainland National Bank of Pleasantville, D.C.N.J., 3 F.R.D. 438.

I shall direct that the above proceeding be assigned to myself for the administration of jury trial.