Jeffery HENKEL and Theresa L.
Henkel, Plaintiffs,

v.

XIM PRODUCTS, INC., an Ohio
Corporation, Defendant and
Third–Party Plaintiff,

v.

LINDSTROM CLEANING AND CON-
STRUCTION, INC., Third–Party
Defendant and Fourth–Party Plaintiff,

v.

LATHROP PAINT SUPPLY
COMPANY, Fourth–Party
Defendant.

Civ. No. 4–89–92.

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 14, 1991.

James M. Sherburne, Minneapolis, Minn., for plaintiffs.

John M. Anderson, Minneapolis, Minn., for XIM Products, Inc.

Ted E. Sullivan, Minneapolis, Minn., for Lindstrom Cleaning and Const., Inc.

Lathrop Paint Supply Co. made no appearance.

## ORDER

FRANKLIN L. NOEL, United States Magistrate Judge.

This matter was before the undersigned United States Magistrate on November 16, 1990 upon plaintiff's motion for a protective order pursuant to Fed.R.Civ.P. 26(c) that discovery not be had. James M. Sherburne, Esq. appeared on behalf of plaintiffs. John M. Anderson, Esq. appeared on behalf of XIM Products, Inc. Ted E. Sulli-

---

van, Esq. appeared on behalf of Lindstrom Cleaning and Construction, Inc. Lathrop Paint Supply Company made no appearance.

Roy Klostermeyer, a former employee of XIM Products, Inc. (XIM), is a non-party witness, who lives in North Carolina. The parties deposed Mr. Klostermeyer on March 5, 1990 in Boone, North Carolina. Counsel for XIM did not ask any questions of Mr. Klostermeyer. The parties represented at the hearing that Mr. Klostermeyer is an important witness and his deposition testimony may be introduced at trial pursuant to Fed.R.Civ.P. 32(a)(3)(B) and Fed.R.Evid. 804(b)(1).[1] The discovery period for this case ended on September 1, 1990 and this case will be considered ready for trial on January 1, 1991.

XIM noted Mr. Klostermeyer's deposition to be taken for the second time in Boone, North Carolina on November 20, 1990, over two months after the period for discovery has ended. Plaintiffs brought the instant motion seeking a protective order that the deposition not be had, or in the alternative that XIM pay all costs associated with Mr. Klostermeyer's second deposition. Third-party defendant and fourth-party plaintiff, Lindstrom Cleaning and Construction Company (Lindstrom) joins plaintiffs in bringing the instant motion. For the reasons set forth below the motion will be granted.

The question before the court is whether, absent agreement of the parties, the pretrial schedule governs the time for taking depositions where the purpose of the deposition is to preserve testimony for trial, and not to discover new facts. XIM contends that because the purpose of this second Klostermeyer deposition is to preserve his testimony for trial, it is not governed by the discovery termination date set forth in the pretrial schedule. For the reasons set forth below the plaintiffs' motion will be granted.

The pretrial schedule in this case ordered that the period during which the parties may conduct discovery shall terminate on September 1, 1990. XIM's contention that the second deposition is not governed by the pretrial schedule is unfounded.

■ Depositions are a discovery device governed by Rules 26 through 32 of the Federal Rules of Civil Procedure. Depositions also serve to preserve relevant testimony when the deponent might be unavailable to testify at trial. *Fed.R.Civ.P.* 32(a)(3)(B) (deposition of any witness may be used for any purpose if court finds that the witness is more than 100 miles from place of trial); *Fed.R.Evid.* 804(b)(1) (deposition testimony admissible if party against whom the testimony is now offered had opportunity to develop the testimony). Neither the Rules of Civil Procedure nor the Rules of Evidence make any distinction between discovery depositions and depositions for use at trial. The court concludes there is no difference. *See e.g., Wright Root Beer Co. v. Dr. Pepper Co.,* 414 F.2d 887, 890–91 (5th Cir.1969) (erroneous to instruct jury that "discovery" deposition should be given less weight than deposition conducted for use at trial); *United States v. International Business Mach. Corp.,* 90 F.R.D. 377, 381 (S.D.N.Y.1981) (Rule 32 does not evince a distinction as to admissibility at trial between a deposition taken solely for purposes of discovery and one taken for use at trial) (quoting *Rosenthal v. Peoples Cab Co.,* 26 F.R.D. 116, 117 (W.D.Pa.1960)). A party who makes the tactical decision during a deposition to refrain from examining a witness who is beyond the subpoena power of the court, takes the risk that the testimony could be admitted at trial if the witness will not or cannot appear voluntarily. *See, e.g., Hendrix v. Raybestos–Manhattan, Inc.,* 776 F.2d 1492, 1505–1506 (11th Cir.1985) (party who failed to cross examine former employee, who died after his deposition, does not preclude use of deposition at trial in a subsequent proceeding) (citing *Wright Root Beer Co. v. Dr. Pepper Co.,* 414 F.2d at 890).

XIM's reliance on *Charles v. Wade,* 665 F.2d 661 (5th Cir.1982) is misplaced. In *Charles,* the Fifth Circuit held that the

---

1. Mr. Klostermeyer is not within the subpoena power of this court and the parties represented to the court that he is unwilling to travel to the District of Minnesota to testify at trial.

district court abused its discretion when it denied a party leave to depose a witness who was unavailable to testify at trial on the grounds that the discovery period had ended. *Id.* at 664. In *Charles*, the witness in question had never been deposed and there was no way to secure his testimony for trial because he was imprisoned beyond the subpoena power of the trial court. Unlike in *Charles*, the parties to the instant action have deposed the witness in question and counsel for XIM chose not to ask him any questions even though he knew the witness was beyond the subpoena power of the trial court, and that the deposition would therefore be admissible under the relevant rules.

Although dicta in the Fifth Circuit's opinion recognized a distinction between discovery depositions and trial depositions, the court's *holding* in *Charles* is not inconsistent with the outcome here. In *Charles* the court held that it was an abuse of discretion to deny a party leave to depose a witness where the party would otherwise be denied the witness's testimony altogether. The undersigned finds nothing in *Charles* which would compel the court to permit the taking of the deposition of a witness whose deposition has already been taken, where the party seeking to retake it elected to ask no questions at the time it was originally taken. The Fifth Circuit cites no authority for its perceived distinction between trial and discovery depositions, and the undersigned magistrate has found no authority in the relevant rules.[2] The Fifth Circuit *dicta* also appears to be inconsistent with the holdings of several District Court opinions which have addressed the issue. *See e.g. United States v. International Business Mach. Corp.,* 90 F.R.D. at 381; *Rosenthal v. Peoples Cab. Co.,* 26 F.R.D. at 117.

Moreover, if XIM were correct in its contention that trial depositions are not governed by the pretrial schedule, management of litigation by the court would be made extremely difficult. As noted by counsel for the plaintiff, he took over 20 depositions in this case, most of which were of witnesses who were over 100 miles from Minnesota. Counsel for defendant asked no questions of most of these witnesses. Although counsel for XIM represented to the court that he had no intention of retaking any depositions, other than Mr. Klostermeyer's, if defendant's legal position were correct, nothing would prevent defendant from retaking all of the depositions.

■ As XIM knew that Mr. Klostermeyer was beyond the subpoena power of the court when it elected not to ask him any questions, it took the risk that it would not be able to procure his appearance at trial and that the deposition testimony might be admitted. The court concludes that absent an agreement of the parties, or some compelling circumstance that would cause a miscarriage of justice if a late deposition is not allowed,[3] all depositions must be completed is governed by the discovery termination date of the pretrial schedule. As the second deposition of Mr. Klostermeyer was beyond the time permitted for discovery by the pretrial schedule in this case, and as defendants have made no showing of any compelling circumstance that would warrant the retaking of Klostermeyer's deposition, the plaintiffs have shown the requisite good cause for the granting of a protective order. The court will order that the deposition of Mr. Klostermeyer not be had.

Plaintiffs have asked for an award of their costs and fees incurred in bringing their motion for a protective order. The court finds that because there appears to

---

**2.** The only depositions described in the Federal Rules of Civil Procedure, other than those authorized by Rule 30, are the depositions before action or pending appeal provided for by Rule 27. The provisions of Rule 27 do not appear to be applicable here. Rule 32(a)(3)(B) provides that the deposition of any witness may be used by any party for any purpose if the court finds that the witness is at a greater distance than 100 miles from the place of trial, unless it appears that the absence of the witness was procured by the party offering the deposition.

**3.** If such a compelling circumstance exists, the burden is on the party seeking to take the untimely deposition to make a motion and to show good cause for granting relief from the pretrial schedule. *Fed.R.Civ.P.* 16.

be an absence of judicial opinions in this Circuit on the question of whether there is a distinction between trial and discovery depositions XIM's opposition to this motion was substantially justified and the court will therefore deny plaintiffs' motion for Rule 37 sanctions.

Accordingly, based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for a protective order that the deposition of Roy Klostermeyer not be had is GRANTED:

2. Plaintiffs' motion for costs and fees is DENIED.