Burl SPANGLER and Bonnie Spangler, Plaintiffs,

v.

SEARS, ROEBUCK AND CO. and Roper Corporation, Defendants.

No. IP 87–1013–C.

United States District Court, S.D. Indiana, Indianapolis Division.

July 3, 1991.

See also 752 F.Supp. 1437.

Morris L. Klapper, Klapper & Isaac, Indianapolis, Ind., for plaintiffs.

William M. Osborn, Osborn, Hiner & Lisher, Indianapolis, Ind., for defendants.

## ENTRY ON DEFENDANTS' REQUESTS FOR PROTECTIVE ORDERS AND PLAINTIFFS' REQUEST FOR SANCTIONS

TINDER, District Judge.

The defendants have moved this court for two protective orders to prevent the plaintiffs from taking the trial depositions of Mr. James Bateman, a former employee of the defendant, Sears, Roebuck and Company, and of Dr. Lewis Kinkead, one of the plaintiff, Burl Spangler's, attending physicians. The defendants' position is that the taking of these depositions would violate the discovery cut-off deadline set forth in this court's trial setting and scheduling order entered December 12, 1990. *See* Attached Order. That order specified that "all discovery in this cause is to be completed within sixty (60) days of th[e] date [of the scheduling order]."

Initially, this court observes that the Federal Rules of Civil Procedure permit federal district courts "wide discretion with respect to discovery matters." *Indianapolis Colts v. Mayor & City Council*, 775 F.2d 177, 183 (7th Cir.1985) (*quoting Brown–Bey v. United States*, 720 F.2d 467, 470 (7th Cir.1983)). A federal district "court may make whatever order about sequence and timing of discovery the necessities of a case require." C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND

PROCEDURE § 2047 at 318 (West 1984). An "important point" about such orders, however, is that "they are not intended as a means by which a party can win a technical advantage." *Id.* at 319.

This court notes that the scheduling order in question was issued after over three years of pretrial discovery had been conducted. The scheduling order was intended as a "clean up" order to insure the completion of any discovery which had not been finalized in the three year life of this case. This court intended to prevent the initiation of any new discovery after a time certain, so that the trial date could unquestionably be met. This court did not intend to preclude the taking of trial testimony type depositions.

▪ Plaintiffs' response to defendants' motion notes a distinction between discovery depositions and trial depositions. Although the Federal Rules of Civil Procedure do not clearly differentiate between the two types of depositions [1], this distinction is generally recognized by the courts in this judicial district. While discovery is closed under the terms of this court's scheduling order, that order does not prevent a party from memorializing a witness' testimony in order to offer it at trial. As a matter of custom or practice, this occurs in many, if not most, of the cases which go to trial in this court. Thus, while a party may not propound interrogatories, submit requests for admissions, seek production of documents or things or seek to amend its pleadings based on newly discovered materials after the discovery cut-off, a party may still prepare for trial by taking the depositions of witnesses whose unavailability for trial is anticipated.

▪ The defendants' briefs disclose defendants' fear that, "[a]ll a party who wanted to do some last minute deposing need do is label a deposition for trial purposes, then if not satisfied after the deposi-

tion is taken, fail to offer it at trial." Such a practice would, of course, be a violation of the discovery cut-off. However, the defendants would not be without a remedy in such circumstances. If depositions taken after the discovery cut-off are not offered at trial and there is some evidence that the depositions were taken solely for discovery purposes rather than to memorialize testimony for later use at trial then a basis would exist for a motion for sanctions against the party violating the scheduling order. *See* Fed.R.Civ.P. 16(f).

It goes without saying that some things may be "discovered" at any deposition taken for trial purposes. Indeed, at such a deposition it is likely that both parties will learn some information that they did not know before the deposition. The potential for acquiring such knowledge, however, does not destroy or even dilute the utility of the discovery cut-off.

This court's standard trial setting and scheduling order is aimed entirely at ensuring that the issues in the case are adequately narrowed for trial in order to prevent surprise and prejudice and to facilitate preparation. This court's hope is that its standard order will encourage the parties early on to decide the theories upon which they will try their case. That is why this court requires final contentions to be filed by the plaintiff within thirty (30) days of the date of the scheduling order and by the defendant within forty-five (45) days of that date. The scheduling order is ordinarily not issued until a significant amount of discovery has been completed, as regulated by other pretrial discovery orders. This court waits to issue the scheduling order until it appears that a realistic trial date can be selected which all parties can meet. By this point in time, this court hopes that there will be no last-minute surprises or scheduling difficulties which

---

1. Section V of the Federal Rules of Civil Procedure is labelled **"DEPOSITIONS AND DISCOVERY"** as though depositions are perhaps something different than mere discovery. The Rules also clearly anticipate the trial use of depositions. Fed.R.Civ.P. 32. However, no clear support for the concept of treating trial depositions differently than discovery depositions can be found in the Rules. Nevertheless, the practice of treating trial depositions differently than discovery depositions appears to be a custom which is common in many judicial districts.

would interfere with the scheduled trial date. Ordinarily, it works.

While it is generally necessary for a party to fully complete discovery in order to adequately draft its contentions, this court does allow a fifteen day grace period after the final contentions have been submitted to tie up any lose ends in the discovery area. It should also be noted that the contentions requested by the scheduling order are final contentions, and are requested only after the parties have already submitted preliminary contentions. The parties are encouraged in the scheduling order "to limit their contentions to the issues which are actually in dispute in this litigation." The background of the scheduling order is such that it should indicate to the parties that all that should remain to be done in the case are the items of final preparation that immediately precede trial.

This court does not anticipate, however, that both sides will be prepared to put their case to trial immediately upon completing their contentions. That is why this court, in this case, entered the scheduling order at issue almost nine months prior to the designated trial date. It was anticipated that those nine months would allow adequate time for preparation of this case.

While trial depositions were not expressly discussed in this court's scheduling order, it was anticipated that thorough preparation might entail the need to preserve, by means of deposition, the testimony of witnesses who might be unable to attend the trial. Counsel note in their briefs on the protective order request that there is virtually no law to be found articulating the character of a trial deposition as opposed to a discovery deposition. Nevertheless, this distinction goes beyond the lore or myth surrounding the practice of litigation in the federal courts. The difference is recognized in the daily practice of these courts, and is commonly accepted by the members of the bar who frequently practice here.

This court sees no detriment to either side by permitting the taking of trial depositions. Indeed, in many instances a witness' unavailability for trial will not be known until shortly before the trial. It would make little sense to force litigants months before trial to face the perilous choice of paying for potentially unnecessary depositions or risking the loss of important trial testimony.

■ Trial depositions are definitely of benefit to the orderly conduct of trial. Trial depositions can alleviate the need for a court to alter its schedule to accommodate the extremely busy schedules of physicians and others who are justifiably unable to meet the court's schedule.[2] This court believes that its order precluding all paper discovery and requiring detailed conditions which limit the use of trial depositions to defined parameters effectively balances both the need for pretrial disclosure and an adequate time to prepare against the reality of witnesses' constantly changing schedules.

Of course, in fashioning its orders, this court cannot set forth in detail the rules for every eventuality likely to be faced by the parties. This court's scheduling order did not explicitly note the distinction between discovery depositions and trial depositions. Rather, as with other "gaps" in this court's orders this court expected that the parties would not be guided merely by the express terms of this court's order but also by civility, reasonableness, a spirit of cooperation and an understanding of common practice and common courtesy within this judicial district. Indeed, like all rules and orders promulgated by any court, the utility and effectiveness of this court's scheduling order was largely dependent upon the ability of these parties to resolve their minor

---

**2.** It should be noted that another common practice or custom in this district is that, upon agreement of the parties, physicians and others with unpredictable schedules may be presumed to be unavailable for in-court testimony during trial. As a result, counsel are permitted to use depositions of such witnesses in lieu of live testimony without meeting the literal require-

ments of Fed.R.Civ.P. 32(a)(3). Courts here have found that this practice aids an orderly and swift trial process, as well as minimizes disruption to the medical community and patients in need of treatment. This court is willing to honor this longstanding custom in this case if the parties so agree.

differences in a reasonable and lawyerly fashion.

■ Despite the common use in this district of trial depositions taken after the discovery cut-off, defendants seek relief from the currently scheduled depositions. However, it is likely that counsel for the plaintiffs was relying on the longstanding customs and practices of this court in deferring the taking of these depositions until shortly before trial. It would be unfair to invalidate such a well established practice in a retroactive fashion. Such a result would impose an unfair tactical disadvantage on the plaintiffs, contrary to the purpose of the Federal Rules of Civil Procedure and the pretrial process utilized in this district. Consequently, the motions for a protective order will be DENIED with respect to defendants' claim that the depositions will occur after discovery has closed.

The history of the many procedural disputes in this case causes this court to be concerned that the respective attorneys will not be able to agree on dates for when all trial depositions are to be taken. Accordingly, this court supplements its December 12, 1990 scheduling order by ORDERING that all trial depositions be completed at least fourteen (14) days prior to the trial of this matter.

■ Further, with respect to the deposition of Dr. Kinkead, counsel for the defendants indicates that counsel has a scheduling conflict with the designated date. Consequently, a protective order will be GRANTED with respect to that date. Counsel for the defendants is ORDERED to confer with counsel for the plaintiffs within seven (7) days of the date of the issuance of this entry to make a genuine effort to agree upon a date and time for the deposition. If counsels' best efforts to reach an agreed date for the deposition fail, counsel for the plaintiffs is ORDERED to file a notice with this court on or before July 11, 1991 listing ten (10) dates and times at which he and Dr. Kinkead will be available for the deposition and counsel for both parties are ORDERED to report in person with their schedules to the office of this court, Room 277 U.S. Courthouse, at 3:00 p.m. on Friday July 12, at which time this court will select a deposition date for the parties.

■ If either counsel intends to take any other depositions for use as trial testimony, they are requested to consult with opposing counsel within seven (7) days of this order to make a genuine effort to agree upon dates and times. If agreements cannot be reached with respect to any such depositions, the counsel seeking the depositions will have until July 11, 1991 to file a notice with this court listing ten (10) dates and times at which he and the deponents will be available for the requested depositions. Should such a notice be filed, counsel for both parties are ORDERED to report in person with their schedules to the office of this court, Room 277 U.S. Courthouse, at 3:00 p.m. on Friday July 12, at which time this court will select (a) deposition date(s) for the parties.[3]

■ Counsel for the plaintiffs seeks sanctions against counsel for the defendants because of the filing of the motions for protective orders. However, the motion was the correct vehicle for bringing this matter to this court's attention. Fed. R.Civ.P. 26(c). As discussed above, no distinction was made in this court's orders between discovery and trial depositions,

---

**3.** This court notes that the two depositions specifically at issue by virtue of defendants' motion are scheduled to be videotaped. Counsel should be advised that if objections to questions and/or answers are subsequently sustained, the court does not permit the portions of the videotape containing the objectionable questions and/or answers to be played in the presence of the jury. In the court's experience, most videotape operators will attempt to merely play through the objectionable portions while turning the sound off. As a result, the jury is required to watch a portion of the videotape without hearing what is being said. This is a waste of the jury's time, and will not be allowed in this court. If objections to questions and/or answers are sustained, it will be necessary for the videotape operator to prepare an edited version of the videotape, displaying only the non-objectionable portions of the deposition. Such an edited tape should be made available for opposing counsel's review prior to displaying it to the jury. As an alternative, the non-objectionable portions of the deposition can be read to the jury.

nor is there an explicit authorization for such a distinction in the Federal Rules of Civil Procedure or reported case law. There is no evidence before this court that counsel for the defendants would have reason to be familiar with the customs and practices of the federal courts in this district, and as such, be chargeable with the knowledge of how these matters are traditionally treated in this jurisdiction, and in particular, by this judge. This court cannot conceive of what type of research and investigation counsel for the defendants could have done which would have disclosed to him that his motions were futile. In fact, he obtained partial relief with respect to the Dr. Kinkead deposition. Thus sanctions are inappropriate, and plaintiffs' request is DENIED.[4]

ALL OF WHICH IS ORDERED.

### ATTACHMENT

### NOTICE OF TRIAL SETTING AND SCHEDULING ENTRY

This matter comes before the court *sua sponte* for scheduling a jury trial and the determination of certain matters regarding the trial. The following schedule and procedures are now established.

A. *Trial Lists of Witnesses and Exhibits; Stipulations; Deposition Designations; Trial Briefs; Motions in Limine; Proposed Jury Instructions; Voir Dire Questions and Areas of Inquiry*

ON OR BEFORE August 9, 1991, all parties are ORDERED to do the following:

1. A Trial list of witnesses who will actually be called at trial shall be filed.

2. All exhibits, including graphs, charts and the like, proposed to be used in the trial shall be numbered in sequential order. A Trial list of exhibits containing a description of each exhibit and the identifying descriptions shall be submitted to the court. The original exhibits shall be made available for inspection by opposing counsel on or before the above date.

3. The purpose of Trial lists of exhibits and witnesses is to identify for the court and the parties the witnesses and exhibits previously listed which will actually be used at trial. The court expects that these lists will be shorter than the list of all possible witnesses and exhibits previously filed. These lists shall contain only the names of witnesses and descriptions of exhibits which were previously listed pursuant to orders of the court. In other words, this requirement is *not* an invitation to add new witnesses and exhibits.

4. All stipulations of facts shall be submitted in writing to the court. Stipulations are encouraged so that the trial can concentrate on the relevant contested facts.

5. If any depositions are to be read into evidence in a party's case in chief, the names of the witnesses, and the page numbers and lines of the depositions to be read, shall be designated in writing, and the designated portions shall be filed and exchanged.

6. All trial briefs, motions in limine, and proposed jury instructions, voir dire questions and areas of inquiry shall be exchanged and submitted to the court.

B. *Objections to Exhibits, Deposition Designations; Counter Designations*

ON OR BEFORE August 12, 1991, all parties are ORDERED to do the following:

1. Any objections to the proposed exhibits shall be made, in writing, and submitted to the court. The objection shall refer to the description and designation of the exhibit objected to, followed by a statement of the reasons for the objection, and the legal authorities supporting the objection.

---

4. The court presumes that counsel for the plaintiffs was seeking to have sanctions imposed on counsel for the defendants in connection with the motions for protective orders. However, the motion for sanctions refers to a wide range of other conduct of counsel for the defendants.

If plaintiffs' counsel was seeking sanctions for more than just the filing of the motions for protective orders, the request is too broad and too non-specific to support an award of sanctions.

**128**

ATTACHMENT—Continued

2. If there is an objection to the designated portion of a deposition, or additional portions which are to be read at trial in response to your opponent's designation, such objections and counter designations shall be made in writing and submitted to the court. Any objections shall be made in the same manner as for proposed exhibits.

### C. *Trial Preparation Meeting*

A meeting with the District Court Judge will be held in Room 277 of the Courthouse on August 13, 1991, at 3:00 p.m. to resolve any other matters which may be concluded prior to trial.

### D. *Close of Discovery and Final Contentions*

Unless, the time allowed for discovery has already ended or has already been scheduled to end in the next sixty (60) days, all discovery in this cause is to be completed within sixty (60) days of this date. A final list of contentions (designating which count(s) of the complaint or which affirmative defense(s) each contention applies to) is to be filed by the plaintiff(s) within thirty (30) days of this date, and within forty-five (45) days by the defendant(s). The parties are encouraged to limit their contentions to the issues which are actually in dispute in this litigation, and should eliminate any contentions from previous lists which are not truly at issue in this case. The contentions will frame the issues upon which this case will be tried, and any contentions not listed by those dates will be considered to have been waived.

### E. *All Prior Deadlines Remain in Force*

The purpose of this notice is to identify every issue which will be submitted for trial, and to provide the court with the information necessary to narrow the issues as much as possible prior to trial. This notice is not intended to expand the scope of this litigation.

All deadlines established by previous orders of the court or magistrate continue to remain in force, and if any dates conflict with those set herein, the earlier dates shall control. Specifically, this order *does not* authorize the addition of witnesses, contentions or exhibits to those previously submitted by the parties, and does *not* have the effect of expanding discovery or enlarging the discovery periods.

### F. *Trial Date*

The trial in this cause will begin on August 19, 1991, in Room 307 of the U.S. Courthouse in Indianapolis, Indiana at 9:30 a.m.

ALL OF WHICH IS ORDERED this 12th day of December 1990.