Donald W. ODELL, Plaintiff,

v.

BURLINGTON NORTHERN RAILROAD COMPANY, Defendant.

No. 92–B–1219.

United States District Court,
D. Colorado.

Oct. 20, 1993.

James L. Cox, Morrisard & Rossi, P.C., Aurora, CO, for plaintiff.

Thomas L. Beam, Knudsen, Berkheimer, Richardson & Endacott, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER is before the Court on Plaintiff's motion for protective order. A hearing was held on October 15, 1993 on the motion. Present were the following counsel: Douglas Rossi, attorney for Plaintiff, and Thomas Beam, attorney for Defendant. Argument was presented by counsel, and the motion then was taken under advisement.

### I.

This is a case brought under the Federal Employers' Liability Act (FELA). Plaintiff alleges in his complaint that on July 31, 1998 he was employed by Defendant as a laborer in the Alliance, Nebraska shops. He was climbing down a ladder of a locomotive when he stepped on object that was on the floor. He alleges that he suffered injuries to his ankle. He alleges further that the reason that the accident occurred is because Defendant was negligent in leaving the item on the floor.

Plaintiff underwent surgery for his ankle injuries. That operation occurred in Scottsbluff, Nebraska. After the surgery, Plaintiff alleges that he suffered a serious injury to his left shoulder. It is Plaintiff's contention that the shoulder was damaged while he was in the recovery room. He alleges that De-

fendant is responsible for all injuries and damages suffered as a result the ankle injury. Plaintiff's position is that the subsequent injury to the shoulder is the responsibility of Defendant under the FELA because the shoulder would not have been damaged had Plaintiff not been forced to undergo surgery for his ankle.

Defendant has denied all liability in this case. It has raised a number of affirmative defenses which need not be discussed at this time.

Trial is set for December 20, 1993. Plaintiff filed this motion after receiving notice of depositions of three individuals in the Alliance, Nebraska area. These individuals were not listed on the pretrial order by Defendant. It is the position of Plaintiff that the time for discovery has come and gone, as has the time for designation of witnesses. Defendant argues, on the other hand, that the testimony of these individuals is appropriate and crucial for the defense. It also argues that these individuals are not unknown to Plaintiff because their names are contained in the medical records from the hospital in Scottsbluff which have been in Plaintiff's possession for years.

### II.

Unlike the usual FELA case, this matter brings the unusual aspect of a subsequent injury allegedly incurred during surgery. Indeed, the shoulder injury would appear to be more serious than the ankle injury incurred on July 31, 1988.

Plaintiff plans to present the testimony of Dr. Simpson, the surgeon who did the operation on Plaintiff's ankle. Dr. Simpson apparently will testify that the shoulder injury is consistent with struggling by a patient in a recovery room.[1]

Defendant sent a notice to counsel for Plaintiff indicating that the depositions of Peggy Gomez, Debby Kaps, and Karna Kleager would be taken for preservation for trial. The notice also indicated that these

---

1. Defendant maintains that Dr. Simpson has not indicated with a reasonable degree of medical certainty that the injury was caused by this scenario. This Court makes no judgment as to whether or not Dr. Simpson's testimony is excludable, absent a certainty of opinion. That determination will have to be made after a motion in limine is filed.

witnesses would offer testimony "for the purposes of rebutting Dr. Simpson's final opinions and to establish foundation for Plaintiff's medical records." Plaintiff's counsel advised defense counsel that he would not agree to these depositions being taken.

Plaintiff's motion for protective order sets forth three grounds: (1) Plaintiff has received no reports or records indicating the nature of the expert testimony to be given by these witnesses; (2) that the witnesses were not listed on the pretrial order; and (3) the witnesses, as nurses, are not qualified to give expert testimony to rebut the opinion of Dr. Simpson. Based upon these reasons, Plaintiff requests that this Court enter an order precluding the taking of the depositions.

The three depositions are for preservation of testimony for trial. The three witnesses do not reside within the District of Colorado. They live more than one hundred miles away from the site of the trial and, therefore, cannot be compelled to appear to testify. Fed.R.Civ.P. 45(c)(3)(A). Defendant's sole means of presenting their testimony, absent a voluntary appearance by them in Colorado, is through use of a preservation deposition. These depositions are not discovery depositions.

It is clear from the hearing that the three witnesses were on duty in the recovery room. Their testimony will be as to their observations of Plaintiff after the operation on his ankle. They will testify, apparently, that they observed no struggling by Plaintiff as he was in recovery. They will also testify that they prepared various medical records contemporaneously and that any struggles by a recovering patient would have been noted.

■ The testimony of Dr. Simpson can be rebutted by observations of individuals in the recovery room. If the three observed and noted no struggling, then that may cast doubt on the validity of Dr. Simpson's opinion. From the statements of Plaintiff's counsel, it is clear that Dr. Simpson was not in the recovery room. The three witness do not have to express any professional opinion in testifying as to their observations. To the extent that any of the three would be asked to render an opinion, the Court would agree that the time for designation of expert witnesses has passed. Yet, these witnesses have relevant testimony from observations that does not require an expert opinion.

■ Plaintiff also objects to the depositions on the basis that no written reports and records as to their opinions have been provided from these witnesses. Plaintiff has the medical records from the operation and immediate time surrounding it. Plaintiff has had the opportunity to review those records. Presumably, they do not list any struggles by Plaintiff while in the recovery room. The names of nurses probably are reflected on the medical records or could have been ascertained by counsel. There is no requirement for a report, as these witnesses will not be allowed to offer expert opinion. Their observations are alleged to be reflected in the medical records.

■ Plaintiff objects that these three witnesses were not listed on the pretrial order. Defendant acknowledges that is true, but argues that the three are not a surprise, since they were on duty at the time of the operation and their names are reflected in the medical records. Defendant further argues that Plaintiff should have been on notice that medical staff observing him in the recovery room might be called as witnesses. Finally, Defendant argues that precluding the testimony of the three witnesses would be "reversible error."

This Court finds that Plaintiff is not prejudiced by the taking of the preservation depositions of the three witnesses. It simply farfetched to believe that Plaintiff could not have foreseen that on-the-scene witnesses from the recovery room would not be called to testify. That is particularly true when Dr. Simpson's testimony deals with what purportedly occurred in the recovery room. Second, there is almost two months until trial, allowing for preparation of possible rebuttal witnesses. The taking of the depositions does not mean, in and of itself, that the testimony of the three witnesses must be allowed at trial. Indeed, the Court will preclude any deposition questions seeking expert opinions from these witnesses. If the testimony is as presented by counsel for Defendant, that they observed Plaintiff and

there was no struggling in the recovery room, such testimony is relevant and not unexpected.

Defendant has presented case law which it argues requires the presentation of these witnesses at trial. *See Meyers v. Pennypack Woods Home Ownership Association,* 559 F.2d 894 (3rd Cir.1977); *DeMarines v. KLM Royal Dutch Airlines,* 580 F.2d 1193 (3rd Cir.1978). Cases from the Tenth Circuit indicate that there must be a balancing of interests, with a requirement of a showing of surprise, prejudice, and attempts to cure such prejudice. *MacCuish v. United States,* 844 F.2d 733, 736 (10th Cir.1988); *Eastridge Development Company v. Halpert Associates, Inc.,* 853 F.2d 772 (10th Cir.1988). At this juncture, this Court need only determine if the depositions should be precluded. The ultimate decision of admissibility of testimony at trial rests with the assigned District Judge.[2] To make a decision at this point precluding the taking of the depositions in their entirety would be inappropriate.

Plaintiff is entitled to have a period to talk with the witnesses or to conduct a discovery deposition prior to the preservation deposition. Discovery will be re-opened to allow such discovery depositions to be completed, if Plaintiff's counsel chooses to do so.

IT IS HEREBY ORDERED that Plaintiff's motion for a protective order is denied, except to the extent that the three witnesses may not be asked opinions as expert witnesses.

---

2. If Dr. Simpson were precluded from offering his opinion as to the cause of the shoulder injury, it is possible that the testimony of the three witnesses would be irrelevant at that point.