Lothar **ESTENFELDER**, Plaintiff,

v.

The **GATES CORPORATION**,
Defendants.

**Civ.A. No. 99–D–896.**

United States District Court,
D. Colorado.

Jan. 23, 2001.

Brent C. Johnson, Fairfield & Woods, PC, Denver, CO, for plaintiff.

Brent C. Painter, Janet Savage, Davis, Graham & Stubbs, LLP, Denver, CO, for defendants.

## ORDER GRANTING GATES' MOTION FOR LEAVE TO TAKE PRESERVATION DEPOSITIONS

SCHLATTER, United States Magistrate Judge.

Defendant Gates Corporation ("Gates") has filed a Motion for Leave to Take Preservation Depositions. Plaintiff opposes the motion. I will grant the motion.

The depositions at issue are "preservation depositions" to be taken of four of Gates' former employees: Robert Muddimer, Ian Duncan, Julian Shaw, and David Snowden. All of these individuals reside in Europe, and none of them could be compelled through subpoena to attend the trial of these proceedings. Because these witnesses are no longer employed by Gates, Gates states that it cannot rely upon their voluntary appearances at trial.

Plaintiff argues that Gates should not be permitted to take these depositions because the deadline for discovery has passed. The Scheduling Order for this case established August 30, 2000, as the deadline for discovery.

Gates argues that the depositions are warranted pursuant to the provisions of Fed. R.Civ.P. 32(a)(3). That rule provides, in pertinent part, as follows:

> (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
>
> \*\*\*
>
> (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or
>
> \*\*\*
>
> (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or
>
> (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

Gates directs the attention of the court to several cases which hold that "trial depositions" are not discovery, and parties should be permitted to take such depositions even though discovery has closed. *Odell v. Bur-*

lington Northern RR Co., 151 F.R.D. 661, 663, (D.Colo.1993) (holding that trial depositions are not discovery depositions); *Charles v. F.W. Wade*, 665 F.2d 661, 664 (5th Cir. 1982), cert. denied, 460 U.S. 1036, 103 S.Ct. 1426, 75 L.Ed.2d 787 (1983) holding that it was an abuse of discretion for a trial court to refuse to permit a deposition for trial testimony for the reason that discovery had closed; *Spangler v. Sears, Roebuck and Co.*, 138 F.R.D. 122, 123 (S.D.Ind.1991) (holding that even though discovery has closed "a party may still prepare for trial by taking the depositions of witnesses whose unavailability for trial is anticipated").

Plaintiff asserts that the *Odell* case cites no authority for its ruling, and argues that the courts in the *Charles* and *Spangler* cases fail to provide any reasoned analyses for their holdings. Instead, plaintiff argues, the court should look to the decisions which were reached in *Henkel v. XIM Products, Inc.*, 133 F.R.D. 556 (D.Minn.1991) and *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556 (S.D.Cal.1999).

In the *Henkel* case, plaintiffs took the deposition of a non-party witness during the period allowed for depositions. During the deposition, defendant declined to ask any questions of the witness. However, after the period for discovery was closed, defendant then sought to take a trial deposition of the witness. The court ruled that "[a] party who makes the tactical decision during a deposition to refrain from examining a witness who is beyond the subpoena power of the court, takes the risk" that a subsequent request for a preservation deposition may be refused by the court. *Henkel*, 133 F.R.D. at 557. The court denied defendant's request. The court in *Henkel* considered the contrary result which had been reached by the court in *Charles v. F.W. Wade*, but it distinguished that case by saying, "[u]nlike in *Charles*, the parties to the instant action have deposed the witness in question and counsel for XIM chose not to ask him any questions even though he knew the witness was beyond the subpoena power of the trial court, and that the deposition would therefore be admissible under the relevant rules." *Henkel* at 558.

In the *Integra* case, after the deadline for discovery had passed, defendants sought leave of court to take the trial deposition of a doctor who would be unavailable for live testimony at trial. The court ruled that defendants should have taken the deposition during the time which had been set by the court within which to conduct discovery. The court cited to the *Henkel* decision with approval, and adopted its ruling: "Where a party makes a tactical decision during discovery to refrain from deposing a non-party witness who is beyond the subpoena power of the court, but who has relevant information to offer in the case, that party takes the risk that the testimony will not be presented at trial if the witness does not voluntarily appear." *Integra*, 190 F.R.D. at 559.

Most of the courts which have addressed "discovery depositions" vis a vis "trial depositions" have concluded that the federal rules do not set forth any definitions or distinctions as between the two. *See, e.g., In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F.Supp. 1493, 1501 (D.Colo.1989) ("Rule 32 itself does not distinguish between depositions taken for discovery purposes and depositions taken for the preservation of testimony."). In *United States v. International Business Machines Corp.*, the court discussed this lack of distinction in the context of the evolution of Rule 32:

> Prior to the revision of the Federal Rules of Civil Procedure in 1970, Rule 26(a) provided that depositions could be taken "for the purpose of discovery or for use as evidence in the action or for both purposes." Rule 26(d), the predecessor of Rule 32(a), which governed the use of depositions at trial, did not, however, state any distinction between discovery and evidentiary depositions. Recognizing a possible ambiguity in the rule, courts nevertheless refused to recognize a distinction between "discovery" and "evidentiary" depositions with regard to admissibility at trial. *** When the subject matter of Rule 26(a) was transferred to Rule 30(a) in the 1970 revision of the rules, the language authorizing depositions "for the purpose of discovery or for use as evidence in the action or for both purposes" was omitted.

90 F.R.D. 377, 381, n. 7 (S.D.N.Y.1981), internal citations omitted; *see also Henkel v. XIM Products, Inc.*, 133 F.R.D. 556 (D.Minn.1991) ("Neither the Rules of Civil Procedure nor the Rules of Evidence make any distinction between discovery depositions and depositions for use at trial. The court concludes there is no difference."); *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. at 559 ("Defendants fail to address how the court or parties should distinguish between 'trial' depositions which must be completed within the discovery time period and those which have no time limits.").

Even though the rules provide no distinctions as between discovery and trial depositions, courts have recognized as a practical matter that, in fact, differences exist. For example, the court in the *Spangler* case stated, "Although the Federal Rules of Civil Procedure do not clearly differentiate between the two types of depositions, this distinction is generally recognized by the courts in this judicial district." *Spangler v. Sears, Roebuck and Co.*, 138 F.R.D. at 124. The court noted that after the discovery cut-off a party may not engage in any further discovery, but the discovery cut-off "does not prevent a party from memorializing a witness' testimony in order to offer it at trial." The *Spangler* court found that the difference between discovery and trial depositions was recognized simply "[a]s a matter of custom or practice." *Id.*

In the *Charles* case, the Fifth Circuit agreed that the rules present no difference between a discovery and a trial deposition, but it found that the difference could be found by examining the purpose for which the deposition was sought. The Court held that the trial court erred in denying a party the right to take a trial deposition of a witness who was over 100 miles away, and in prison, on the ground that the period for discovery had expired. The Court stated:

Although the discovery period had indeed closed at the time appellant made his motion, the requested deposition would not have been taken for purposes of discovery but as the testimony of a witness unavailable for trial. Appellant's motion underscored this distinction by informing the court that the deposition would "not be taken for discovery purposes, but in lieu of [the deponent's] live testimony at trial." The distinction is a valid one. Appellant was not seeking to discover the deponent's testimony—appellant knew what [the deponent] had to say—but was seeking a means for introducing [the deponent's] testimony at trial. A party to a lawsuit obviously is entitled to present his witnesses. The fact that the discovery period had closed had no bearing on appellant's need, or his right, to have the jury hear [the deponent's] testimony.

*Charles v. F.W. Wade*, 665 F.2d at 664. In other words, if a party can present the testimony of a witness only by means of a deposition, the taking of that deposition would be for a different purpose than the taking of a discovery deposition, and, at least according to the Fifth Circuit, should be allowed without regard to any discovery deadlines.

The courts in the *Henkel* and *Integra* cases ruled that no differences existed as between discovery and trial depositions, and concluded that trial depositions should be held to the same discovery deadlines as ordinary discovery depositions. The court in the *Integra* case was even scornful of the idea that depositions of certain witnesses could be designated as "trial" depositions, and that depositions of such witnesses could be postponed by counsel until after the discovery cut-off. The court stated, "[this would effectively eliminate any need to conduct discovery of 'unavailable' witnesses during the discovery period.]" *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. at 559. In the opinion of the *Integra* court, all depositions are discovery depositions. The *Integra* court concluded that because judges would find it difficult to difficult to distinguish between a discovery deposition and a trial deposition, we should treat all depositions the same, and hold them all to the same deadlines. Having reached this conclusion, the *Integra* court nevertheless recognized that some factors or circumstances may require exceptions to the general rule, such as the "sudden" move of a witness beyond 100 miles, or the difficulty presented by a witness who "becomes seriously ill." *Id.*

Judges may face difficulties in determining the differences between discovery and trial depositions, but such decisions are no more difficult than many of the decisions which judges are called upon to make on a daily basis. Contrary to the concerns expressed by the *Henkel* court, I see no insurmountable problems in sorting out the differences between discovery and trial depositions. As the Court in *Charles* held, in determining whether a deposition is a discovery deposition or a trial deposition, judges may consider several factors, one factor being the purpose for which the deposition is being taken. In most cases the circumstances will make the judicial decision fairly obvious. For example, attorneys normally do not depose their own witnesses, or "friendly" witnesses, for purposes of discovery. As the Court noted in the *Charles* case, the attorneys already know what these witnesses will say when they testify. *Charles* at 664. Thus, when requests for "trial depositions" are presented which reflect these types of circumstances, the expressed need to preserve the testimony of the witnesses may be viewed much differently, for example, than an expressed need to preserve the testimony of an opposing party, or an un-friendly witness. The former are more likely to be true requests for "trial depositions," while the latter are more likely to be discovery depositions attempting to pose as trial depositions.

The courts in the *Henkel* and *Integra* cases treat all depositions the same, wider a single heading of "discovery depositions," and attempt to regulate them all under a bright-line role. These courts are simply ignoring reality. Lawyers use depositions during the discovery phase primarily to discover evidence. However, lawyers do not always know during the discovery phase which witnesses will actually be needed for trial, and whether the testimony of some of these witnesses will need to be presented at trial by means of depositions. Once those decisions are made by attorneys, courts cannot ignore a party's need to *preserve* testimony for trial, as opposed to the need to *discover* evidence, simply because the period for discovery has expired. As the Court noted in the *Charles* decision, in a trial deposition, the parties are simply "seeking a means for introducing [the deponent's] testimony at trial," and discovery is a matter of secondary concern, or not a concern at all. *Charles v. F.W. Wade,* 665 F.2d at 664. Granted, some discovery may occur during a deposition which is conducted for purposes of preserving the testimony of a witness, but if the primary purpose of the deposition is to preserve testimony for trial, the deposition should not be disallowed simply because of that potential eventuality. *Spangler v. Sears, Roebuck and Co.,* 138 F.R.D. at 124.

I have no quarrel with the results which were reached in the *Integra* and *Henkel* cases in light of the findings of each of those respective courts. In each of those cases, the judge found that the lawyers who sought leave to take depositions after the discovery period had expired had waived *for tactical reasons* the opportunity to depose a witness, or had waived *for tactical reasons* the opportunity to ask questions of a witness who *was,* in fact, deposed by the opposing party during the discovery period. *Integra,* 190 F.R.D. at 559; *Henkel,* 133 F.R.D. at 557. Implicit in the courts' respective conclusions are findings that the depositions were sought by the lawyers for ulterior purposes. Such findings provide appropriate support for a decision to deny a request for a trial deposition. However, in light of their findings, I question the need for these courts to ignore the very real and practical differences which exist, in fact, between depositions which parties need to take for purposes of discovery, and depositions which parties need to take for purposes of presenting the testimony at trial. Any effort to eliminate or ignore these practical differences will likely lead to the exclusion from trial of testimony and evidence which, under the rules, a party is entitled to preserve and present. The result is a trial which is incomplete and unfair.

■ The alleged tension between discovery and trial depositions is nothing more, or should be nothing more, than an ordinary discovery problem. In matters which pertain to discovery, the Tenth Circuit has concluded that "total inflexibility is undesirable." *Summers v. Missouri Pacific Railroad System,* 132 F.3d 599, 604 (10th Cir.1997). Our Circuit Court has emphasized that "[the deci-

sion to exclude evidence [because of untimeliness] is a drastic sanction.]" *Id.* The Court stated that before a trial court decides to exclude evidence, it should consider four factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Id.,* quoting *Smith v. Ford Motor Co.,* 626 F.2d 784, 797 (10th Cir.1980).

■ Viewing the circumstances of this present case in light of the four factors which are enumerated in *Summers,* I cannot find that a balancing of these factors weighs in favor of plaintiff. Considering the first factor, plaintiff can hardly be heard to complain about prejudice or surprise as a result of the fact that Gates noticed these four people for trial depositions. Plaintiff himself had at one time noticed these same four people for discovery depositions, and then changed his mind. Gates' Mtn for Leave at 7, n. 1. Indeed, although Gates cannot control whether the four witnesses appear voluntarily for trial, some or all of them *may* appear. If no depositions have been conducted, and the witnesses appear for trial, plaintiff would find himself far more prejudiced in those circumstances than if the depositions were allowed to go forward.

The second factor prompts me to consider any cure which I may provide in the event that plaintiff *is* prejudiced by an order which grants Gates' request for trial depositions. To the extent that plaintiff may feel prejudiced, I can provide a cure for such prejudice by allowing plaintiff to.conduct a brief discovery deposition immediately before counsel for Gates commences her preservation deposition.

The third factor prompts me to consider whether the orderly and efficient trial of this case would be disrupted by the fact that Gates is allowed to take the four preservation depositions which it seeks. The pretrial conference has not been conducted, and no trial date will be scheduled until after the pretrial conference. Thus, the trial of this case will not be impacted by the fact that Gates will be allowed to take the depositions after the expiration of the discovery cut-off.

Finally, the fourth factor asks me to consider whether Gates has acted willfully or in bad faith in seeking to take these depositions after the discovery period has ended. I have been shown no evidence which leads me to conclude that Gates is noticing these depositions for an ulterior purpose. The four people whom Gates seeks to depose are former employees of Gates, and Gates undoubtedly knows what they will testify when questioned. Clearly, Gates is not attempting to avoid the mandates of the discovery deadline in this case by conducting a discovery deposition under the guise of a trial deposition. If any discovery is realized as a result of these depositions, it will be by plaintiff, and not by Gates.

## CONCLUSION

I find that Gates is seeking the four depositions for the purpose of preserving the testimony of the witnesses for admission at trial, and not for purposes of discovery. Because these are trial, or preservation, depositions, I am not persuaded that the restrictions of the scheduling order, including the expiration of the discovery deadline, should apply to them. Plaintiff has not shown that he will be prejudiced by an Order which allows the four depositions.

Gates has proposed that the deponents in Europe be videotaped, and that counsel conduct the depositions from here by telephone. These are reasonable measures for these depositions, and they will ensure that neither party will be put to undue expense or inconvenience.

It is therefore ORDERED as follows:

1. Gates' Motion for Leave to Take Preservation Depositions [filed December 12, 2000] is GRANTED.

2. Gates' suggestions for the manner of taking these depositions are approved. Counsel for both parties are directed to meet

and confer with regard to an appropriate period of time within which to conduct the depositions.

3. Prior to the commencement of the preservation deposition of each of the four witnesses, counsel for plaintiff shall be allowed one hour during which he may ask questions of the witness in the nature of a discovery deposition. The purpose of this limited discovery deposition is to allow plaintiff the ability to obtain the knowledge with which to conduct a cross-examination of each witness for inclusion in the preservation deposition.